### P. H. SMITH v. MAGGIE J. SMITH.

*Trial— Witness—Criminating Evidence.*

1. The true intent and meaning of Sec. 11, Art. 1, of the Constitution of North Carolina and of Sec. 1354 of *The Code* is that a witness shall not be compelled to answer any question the answer to which will disclose a fact which forms a necessary and essential link in the chain of testimony which would be sufficient to convict him of a crime ; therefore,

2. In a proceeding for divorce a witness cannot be compelled to answer whether he ever had criminal intercourse with the wife, for, although one such act is not a criminal offence, an admission of it might disclose other facts leading to proof of a crime which would not have been known but for the admission.

ACTION for absolute divorce, tried before *Winston, J.,* and a jury, at June Term, 1894, of DURHAM Superior Court.

The jury found for their verdict that the plaintiff and defendant were never married, and the other issues were not responded to.    Plaintiff appealed, from the refusal of his motion for a new trial, assigning, as error, among other things, His Honor's refusal to compel a witness to answer a question propounded to him, which is set out in the opinion of the Chief Justice :

*Messrs. J. S. Manning, Boone & Boone, Argo & Snow,* for plaintiff (appellant).
*Messrs. Fuller, Winston & Fuller,* for defendant.

FAIRCLOTH, C. J.: On the trial a witness for the plaintiff was asked, "Did you ever have criminal connection with the defendant, if so when was the first time ?" and other questions of a like tendency.    The witness declined to answer stating that his answer would tend to criminate him.    His Honor found as a fact that an affirmative answer would

tend to criminate the witness and declined to compel him to answer, and the plaintiff excepted.

The Constitution of the United States, fifth amendment, declares that "No person shall be compelled in any criminal case to be a witness against himself." The Constitution of North Carolina, Art. 1, Sec. 11, declares that he shall "not be compelled to give evidence against himself." *The Code*, Sec. 1354, says that no person shall be "compellable to answer any question tending to criminate himself."

We think the provisions of our Constitution ought to be liberally construed to preserve personal rights and to protect the citizen against self-incriminating evidence. It is conceded and settled that a single unlawful act of sexual intercourse is not a criminal offence, but the question presented is, would the admission by the witness of a single act *tend* to criminate him. Our opinion is that it does, and that the witness ought not to be compelled to answer the question for the reason that the admission may be the connecting link of a chain of evidence, disclosing other facts and other circumstances leading to clear proof of a crime which would not have been known without the admission. The usual reply is that his admission cannot be used against him in any future prosecution and that he is therefore protected.

This fails to reach the mark, for although it cannot be used against the witness it may be the means, the link, by which other sufficient evidence has been discovered, which could not have been done without the admission. No one knows what facts and secrets are locked up in the bosom of a witness, and we think the true intent of the Constitution is that the witness shall not be compelled to disclose anything that may lead to criminal conduct without absolute protection against future prosecution.

This question has been much discussed in England and in our sister States. It would be too tedious to enumerate all the decisions. We are content to refer to and quote from one or two. In Broom's Legal Maxima, p. 968, it is stated that "A witness is in general privileged from answering not merely where his answer will criminate him directly, but where it may have a tendency to criminate him," citing many decided English cases. In 1 Burr's trials, 245, Chief Justice MARSHALL says: "If such answer may disclose a fact which forms a necessary and essential link in the chain of testimony which would be sufficient to convict him of any crime, he is not bound to answer it so as to furnish matter for that conviction." In *Counselman* v. *Hitchcock*, 142 U. S., 547, the question was fully argued and all the pertinent authorities were examined and reviewed. The Court held that "The meaning of the Constitutional provision is not merely that a person shall not be compelled to be a witness against himself in a criminal prosecution against himself, but its object is to insure that a person shall not be compelled, when acting as a witness in any investigation, to give testimony which may tend to show that he himself has committed a crime. It is a reasonable construction of the Constitutional provision that a witness is protected from being compelled to disclose the circumstances of his offence, or the sources from which, or the means by which, evidence of its commission, or of his connection with it may be obtained, or made effectual for his conviction, without using his answers as direct admissions against him." The rule may sometimes work hardship and possibly does in this instance. The trial seems to have turned on the admission or exclusion of the question put to the witness Cole, although there was other apparently strong evidence.

The policy of compelling witnesses to answer all ques-

tions, with a clause of absolute protection against future prosecution, is one for the Legislative branch of the Government and not for the Courts.

Affirmed.