STATE OF NORTH CAROLINA v. CHARLES M. VEHAUN

No. 7715SC614

(Filed 21 December 1977)

1. **Crime Against Nature § 1— taking indecent liberties with minors—constitutionality of statute**

   The statute prohibiting the taking of indecent liberties with a minor, G.S. 14-202.1, is not void for vagueness because of the use of the phrases "immoral, improper or indecent liberties" and "lewd or lascivious act."

2. **Crime Against Nature § 1; Constitutional Law § 4— taking indecent liberties with minors—equal protection—standing to challenge**

   Defendant had no standing to challenge the constitutionality of the statute prohibiting the taking of indecent liberties with a minor on the ground that the provision of the statute requiring the perpetrator of the crime to be five years older than the victim who is under sixteen created two arbitrary classifications where the victim was a nine year old child, any person sixteen years of age or older who took indecent liberties with such child would be subject to the statute, and defendant is thus not a member of the class against which the statute allegedly discriminates.

3. **Crime Against Nature § 3— taking indecent liberties with minor—uncorroborated testimony by victim**

   The uncorroborated testimony of the victim is sufficient to convict a defendant of taking indecent liberties with a minor in violation of G.S. 14-202.1, if such testimony establishes all the elements of the offense.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 9 March 1977 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 29 November 1977.

Defendant was indicted for taking indecent liberties with a minor in violation of G.S. 14-202.1. Prior to trial, defendant's motion to dismiss the charge on the grounds that it was vague and uncertain in violation of the due process clause of the Fourteenth Amendment was denied. He pled not guilty and was tried before a jury.

Evidence for the State tended to show:

Defendant is a thirty-seven-year-old man who rented a room in the home of Anne Cunningham in Atlanta, Georgia, in December of 1975. Phillip Jackson, the nine-year-old son of Anne Cunningham, is the complainant. Phillip, with the permission of his parents, was allowed to accompany the defendant to Burling-

ton, North Carolina, to visit with defendant's family during Christmas of 1975 and after school ended in the summer of 1976. He remained with the defendant and his family until 29 July 1976 when defendant sent him home by bus.

In early August, Phillip confided in his younger brother that the defendant had taken indecent liberties with him. Upon learning of the situation from the younger brother, Phillip's mother elicited further details from Phillip and later in the month went to Burlington to talk with Officer Faucette of the Burlington Police Department. Officer Faucette investigated and on 1 November 1976 defendant was indicted.

Phillip testified that defendant had forced him to sleep in defendant's bedroom; that defendant had attempted to sodomize him, had attempted to force him to commit acts of fellatio upon him, had committed at least one act of fellatio upon him, and on numerous occasions had attempted such activity; and that defendant would whip him if he refused to cooperate.

At the conclusion of the State's evidence, defendant's motions to dismiss the charges and enter a not guilty verdict were denied. Defendant presented several witnesses, but their testimony was not included in the record. At the conclusion of defendant's evidence, his renewed motion to dismiss was denied.

The jury found defendant guilty as charged and the court entered a judgment imposing a ten-year prison sentence from which he appeals.

*Attorney General Edmisten, by Associate Attorney Robert W. Newsom III, for the State.*

*Hunt and Abernathy, by George E. Hunt for defendant appellant.*

BRITT, Judge.

By his first assignment of error, defendant contends that the trial court erred in denying his motion to dismiss on the grounds that G.S. 14-202.1 is unconstitutional under the State and Federal Constitutions. He argues first that the statute is unconstitutionally vague in violation of his due process rights, and second, that the statute as written denies him equal protection of the law. We find no merit in either of these contentions.

**[1]** With respect to the due process argument presented by defendant, our research does not reveal a North Carolina case upholding the constitutionality of the language of G.S. 14-202.1. However, the language of G.S. 14-202.1 is similar to Section 22-3501(a) of the 1967 District of Columbia Code which was held constitutional in *Moore v. United States*, 306 A. 2d 278 (1973).

G.S. 14-202.1 provides:

Taking indecent liberties with children.—(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

> (1) Willfully takes or attempts to take any *immoral, improper*, or *indecent liberties* with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or
>
> (2) Willfully commits or attempts to commit any *lewd* or *lascivious* act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

(b) Taking indecent liberties with children is a felony punishable by a fine, imprisonment for not more than 10 years, or both. (Emphasis supplied.)

Section 22-3501(a) of the 1967 D.C. Code provides:

(a) Any person who shall take, or attempt to take any *immoral, improper, or indecent liberties* with any child of either sex, *under the age of sixteen years* with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, *either of such person or of such child, or of both such person and such child,* or who shall commit, or attempt to commit, any *lewd or lascivious* act upon or with the body, or any part or member thereof, of such child, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires, either of such person or of such child, or of both such person and such child shall be imprisoned in a penitentiary, not more than ten years. (Emphasis supplied.)

The defendant in the *Moore* case, like the defendant in the present case, argued that the use of language such as "immoral, improper, indecent liberties", and "lewd or lascivious act" is un-

constitutionally vague. In rejecting this contention and upholding the language as constitutional, the court in *Moore* (page 281) set forth the following guidelines:

> The appropriate test for whether a penal statute is sufficiently precise to withstand constitutional attack on the grounds of vagueness is whether the statute gives a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Grayned v. City of Rockford*, 408 U.S. 104, 92 S.Ct. 2294, 2298-2299, 33 L.Ed. 2d 222 (1972). . . .

The court further stated that the language of the D. C. statute clearly referred to sexual conduct with a minor child and described with reasonable specificity the proscribed conduct. In a similar manner, the language in the North Carolina statute provided defendant in the present case with sufficient notice that his conduct was criminal.

[2] Defendant's equal protection argument is also without merit for the reason that defendant lacks standing to challenge the statute since he cannot show how the alleged unconstitutional feature of the statute injures him.

*State v. Trantham*, 230 N.C. 641, 644, 55 S.E. 2d 198 (1949), laid down the following guidelines on the question of standing:

> "Courts never anticipate a question of constitutional law before the necessity of deciding it arises." *Chemical Co. v. Turner*, 190 N.C. 471, 130 S.E. 154. They will not listen to an objection made to the constitutionality of an ordinance by a party whose rights it does not affect and who therefore has no interest in defeating it. *St. George v. Hardie*, 147 N.C. 88; *Monamotor Oil Co. v. Johnson*, 292 U.S. 86, 78 L.Ed. 1141; 11 A.J. 750.

> It is not sufficient to show discrimination. It must appear that the alleged discriminatory provisions operate to the hurt of the defendant or adversely affect his rights or put him to a disadvantage. [Citations.]

> When the class which includes the party complaining is in no manner prejudiced, it is immaterial whether a law discriminates against other classes or denies to other persons equal protection of the law. 11 A.J. 757. He who seeks to

raise the question as to the validity of a discriminatory statute has no standing for that purpose unless he belongs to the class which is discriminated against. [Citations.]

Defendant argues that the provision of the statute requiring the perpetrator of the crime to be five years older than the victim who is under sixteen creates two arbitrary classifications: (1) a class of persons over sixteen who molest children but are less than five years older than their victims, and (2) a class of persons over sixteen who molest children and are five years older than their victims.

In order for a defendant to assert that he was denied equal protection, he must show that he is a member, or could possibly be a member, of the class against which the statute allegedly discriminates. In the present case, the victim is a nine-year-old boy and the defendant is a thirty-seven-year-old man. In order for the allegedly discriminatory classification to become operative, the victim would have to be at least eleven years old to create the possibility that the defendant could fall within the classifications involving the five-year age difference. As a result, under the applicable legal principles cited above, the defendant in this case is unable to show that he is a member of the class against which the statute allegedly discriminates. Therefore, he lacks standing to challenge the constitutionality of the statute on the grounds that it denies him equal protection.

In his second and third assignments of error, defendant argues that the court erred in failing to grant his motion for a directed verdict because the complainant's testimony was not sufficiently corroborated, and that the court erred by failing to instruct the jury that defendant could not be convicted unless the complainant's testimony was corroborated. We find no merit in either of these contentions.

"The general rule is that the testimony of a single witness will legally suffice as evidence upon which the jury may found a verdict." Stansbury's North Carolina Evidence (Brandis Rev. Ed.), § 21, p. 51. The only exception to this rule involve prosecutions for perjury, treason, seduction of a woman, and abduction of a married woman. Stansbury's North Carolina Evidence (Brandis Rev. Ed.) § 21. There is no requirement in North Carolina that the

testimony of a complaining witness under G.S. 14-202.1 be corroborated before a defendant may be convicted.

Further, North Carolina case law involving the uncorroborated testimony of an incest victim indicates that if the court adopted a corroboration requirement similar to that used under Section 22-3501(a) of the 1967 District of Columbia Code, as the defendant urges, such a rule would be contrary to the trend of judicial decisions in North Carolina. In *State v. Wood*, 235 N.C. 636, 637, 70 S.E. 2d 665 (1952), the Supreme Court stated:

> There is no statute providing that the testimony of the prosecutrix must be corroborated by the evidence of others in a prosecution for incest. In consequence, a conviction for incest may be had against a father upon the uncorroborated testimony of the daughter if such testimony suffices to establish all of the elements of the offense beyond a reasonable doubt. 42 C.J.S. Incest, § 17. . . .

Similarly in the present case, there is no statutory requirement that the complainant's testimony be corroborated.

[3] In the absence of such a statutory requirement, and in view of prior judicial decisions involving uncorroborated testimony of incest victims, we hold that the uncorroborated testimony of a victim under G.S. 14-202.1 would be sufficient to convict a defendant if such testimony suffices to establish all the elements of the offense.

In the present case, the testimony presented by the State was more than sufficient to survive defendant's motion for nonsuit.

For the reasons stated above, we conclude that defendant received a fair trial free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.