STATE OF NORTH CAROLINA v. RUFUS WOODROW SINGLETON

No. 8625SC977

(Filed 7 April 1987)

1. **Rape and Allied Offenses § 19— taking indecent liberties—indictment—exact acts not alleged**

    Indictments for taking indecent liberties sufficiently charged the offenses where they were couched in the language of the indecent liberties statute, and they did not need to specify the exact acts which constituted "immoral, improper and indecent liberty." N.C.G.S. § 15A-924(a)(5).

2. **Constitutional Law § 74— self-incrimination—reasonable belief of witness**

    In a prosecution for taking indecent liberties and crime against nature the trial court did not err in refusing to compel a witness to testify about taking nude photographs of the victim, since the witness could reasonably believe that such testimony might be used against him in a criminal prosecution for crime against nature, and the testimony could furnish a link in a chain of evidence which could lead to prosecution.

3. **Criminal Law § 77— statement not against penal interest—exclusion proper**

    A witness's statement to a police officer was not admissible under N.C.G.S. 8C-1, Rule 804(b)(3) as a statement against penal interest since the statement did not actually subject the witness to criminal liability.

APPEAL by defendant from *Lewis (Robert D.), Judge.* Judgments entered 23 April 1986 in Superior Court, BURKE County. Heard in the Court of Appeals 3 March 1987.

Defendant was charged in three bills of indictment with two counts each of taking indecent liberties with children in violation of G.S. 14-202.1. The indictments alleged that defendant took indecent liberties with the victim on 5 November 1983, 19 November 1983 and July 1984. Defendant was also charged in a separate bill of indictment with crime against nature with the victim on 5 November 1983 in violation of G.S. 14-177. The State proceeded at trial on one unspecified count in each of the three indictments for taking indecent liberties and on the one count of crime against nature.

The State's evidence tended to show the following:

The victim, whose name is not necessary to the opinion, testified that she was born on 8 August 1969 and that she worked for defendant by cleaning his house. She stated that when she first went to defendant's house to work, defendant pulled her into his

bedroom, took her clothes off, touched her breast and took nude photographs of her. She testified that defendant put his penis into her mouth but withdrew it after she bit him. She stated that defendant then had intercourse with her. The victim further testified that two weeks later and on other occasions until July 1984, that whenever she went to clean defendant's house, he took her clothes off, took nude pictures of her and had intercourse with her.

A friend of the victim testified that she went to defendant's house with the victim and that defendant took her (the friend's) clothes off, took pictures of her and had intercourse with her. She testified that this series of events occurred "a lot."

Marsha DePew, a Burke County special education teacher, testified that both the victim and her friend were special education students.

Mary Tate, an attendance counselor and school social worker for the Burke County Schools, testified that the victim told her that defendant was a "sex maniac" and when asked what she meant, the victim said, "Well, he's got all those photographs, he takes photographs every time he has sex with them, he's got them all over his house everywhere and pornography."

Captain Steve Whisnant of the Burke County Sheriff's Department testified that he seized seven nude photographs of the victim from defendant's bedroom. He also testified that he interviewed Joseph Lutz who volunteered information on the subject of taking pictures. Lutz worked for defendant and resided with him. Whisnant stated that he was involved in the issuance of a warrant against Lutz for crime against nature with the victim. Whisnant also stated that he sought the issuance of the warrant on the basis of Lutz's statements to him.

Defendant presented evidence tending to show the following:

Roy Lee Marcus, defendant's 18-year-old grandson, testified that he resided with defendant from 1982 to June or July of 1984. He stated that his relationship with the victim was that of boyfriend-girlfriend and that he had intercourse with her several times. He stated that he took nude photographs of the victim and placed these photographs in defendant's bedroom. Marcus iden-

State v. Singleton

tified five of the seven nude photographs of the victim as pictures he had taken.

Joseph Lutz testified that he was 19 years old but refused to answer anything further, invoking his constitutional privilege against self-incrimination.

Defendant did not testify.

The jury convicted defendant of three counts of taking indecent liberties with children finding that on three occasions defendant took nude photographs of the victim, touched her breasts and pubic area, and had vaginal intercourse with her. The jury also convicted defendant of one count of crime against nature. Defendant was sentenced to two consecutive three-year prison terms with an additional five-year suspended term to commence at the expiration of the active sentences upon the conditions that he be placed on supervised probation and pay a $4,000.00 fine. From the judgment of the trial court, defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General Joan H. Byers and Assistant Attorney General John H. Watters, for the State.*

*Byrd, Byrd, Ervin, Whisnant, McMahon & Ervin, by Lawrence D. McMahon, Jr. and Sam J. Ervin, IV, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant first contends that the trial court erred in denying his motions to dismiss and in entering judgment because all of the indictments fail to charge a criminal offense as required by G.S. 15A-924(a)(5) since they do not specify the exact act performed by the defendant. We do not agree.

G.S. 15A-924(a)(5) states in part that a criminal pleading must contain:

> A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

Each of the six counts in the three indictments for taking indecent liberties quotes the operative language of the indecent liberties statute and alleges that the defendant

> unlawfully, willfully and feloniously did take and attempt to take immoral, improper and indecent liberties with [the victim], who was under the age of 16 years at the time, for the purpose of arousing and gratifying sexual desire. At that time, the defendant was over 16 years of age and at least five years older than that child.

An indictment couched in the language of the statute is generally sufficient to charge the statutory offense. *State v. Palmer*, 293 N.C. 633, 239 S.E. 2d 406 (1977). It is also generally true that indictments need only allege the ultimate facts constituting the elements of the criminal offense. *Id.*

In the present case, the indictments for taking indecent liberties contain plain and concise factual statements which assert facts that support the elements of the offense charged. We find that the indictments clearly inform defendant of the conduct which is the subject of the accusations as required by G.S. 15A-924(a)(5). We therefore hold that the indictments for taking indecent liberties sufficiently charge the offense and need not specify the exact act which constitutes the "immoral, improper and indecent liberty."

Likewise, we find that the indictment charging defendant with crime against nature is sufficient under G.S. 15A-924(a)(5). *See State v. O'Keefe*, 263 N.C. 53, 138 S.E. 2d 767 (1964).

Defendant next contends that the court erred in admitting Mary Tate's testimony because it was not corroborative but presented new and prejudicial evidence. We disagree.

It is not necessary that evidence prove the precise facts brought out in a witness's testimony before that evidence may be deemed corroborative of such testimony and properly admissible. *State v. Burns*, 307 N.C. 224, 297 S.E. 2d 384 (1982); *State v. Higginbottom*, 312 N.C. 760, 324 S.E. 2d 834 (1985). The term "corroborate" means to strengthen and to add weight or credibility to a thing by additional and confirming facts or evidence. *Id.*

We find that Mary Tate's testimony strengthened the victim's testimony and was clearly corroborative. The character-

ization of defendant as a "sex maniac" was apparent from and
consistent with the victim's trial testimony. The mention of the
pornography is consistent with the victim's testimony about de-
fendant taking nude photographs. We hold that the trial court
properly admitted Mary Tate's testimony.

Defendant also contends that the trial court erred when it
precluded him from providing an alternative explanation of the
photographs by refusing either 1) to compel Joseph Lutz to testi-
fy about taking nude photographs of the victim, or 2) to admit an
extrajudicial statement made by Lutz to Captain Whisnant. We
find no merit in either argument.

[2]  When this case was heard in the trial court, there were
charges pending against Joseph Lutz for committing a crime
against nature with the victim. Lutz invoked his constitutional
privilege against self-incrimination and refused to answer any
questions except those asking his address and his age.

> [T]he protection afforded by the privilege against self-incrimi-
> nation "does not merely encompass evidence which may lead
> to criminal conviction, but includes information which would
> furnish a link in the chain of evidence that could lead to pros-
> ecution, as well as evidence which an individual reasonably
> believes could be used against him in a criminal prosecution."
> *Maness v. Meyers*, 419 U.S. 449, 461, 42 L.Ed. 2d 574, 585, 95
> S.Ct. 584, 592 (1975); *accord Smith v. Smith*, 116 N.C. 386, 21
> S.E. 196 (1895).

*Johnson County Nat'l Bank and Trust Co. v. Grainger*, 42 N.C.
App. 337, 339, 256 S.E. 2d 500, 502 (1979).

Although testimony by Lutz concerning nude photographs of
the victim would not in itself subject him to criminal liability,
such testimony reasonably could be used against him in a criminal
prosecution for crime against nature and may furnish "a link in a
chain of evidence" that could lead to prosecution. Therefore, the
trial court did not err in refusing to compel Lutz to testify.

[3]  Defendant alternatively argues that Lutz's statement to Cap-
tain Whisnant was erroneously excluded because it was admissi-
ble as a statement against penal interest.

We note that the protection afforded by the privilege against
self-incrimination is much broader than the exception to the hear-

say rule which permits the admission of statements against penal interest. A witness may invoke his Fifth Amendment privilege and refuse to testify on *any* matter which may be used against him in a criminal prosecution. The scope of the exception permitting admissions of statements against penal interest, however, *only* extends to matters which actually subject the witness to criminal liability.

On voir dire examination, Whisnant stated that Lutz told him the following:

> Lutz advised he took some nude photographs of [the victim and her friend] and that they took some of each other; he stated he probably could pick out the ones he took; he stated he never took any of [the victim's] sister . . . .

> Lutz stated he had intercourse with [the victim's friend] but that [the victim] had performed fellatio on him.

Defendant asserts that Lutz's statement to Captain Whisnant concerning nude photographs of the victim should have been admitted under Rule 804(b)(3) of the North Carolina Rules of Evidence. Rule 804(b)(3) states that the following is not excluded by the hearsay rule if the declarant is unavailable as a witness:

> A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability, or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability is not admissible in a criminal case unless corroborating circumstances clearly indicate the trustworthiness of the statement.

G.S. 8C-1, Rule 804(b)(3).

Defendant is correct in pointing out that Lutz is an "unavailable witness" under Rule 804(b)(3) due to his invocation of the privilege against self-incrimination. However, we do not believe that Rule 804(b)(3) is applicable to Lutz's statement concerning the nude photographs of the victim.

Rule 804(b)(3) requires that the statement "so far tended to subject him to . . . criminal liability. . . ." In *State v. Haywood*,

295 N.C. 709, 249 S.E. 2d 429 (1978), which was heard prior to the enactment of Rule 804(b)(3) of the North Carolina Rules of Evidence, our Supreme Court set out several specific requirements for the admission of statements against penal interest. The Court held that such statements "must have had the potential of *actually* jeopardizing the personal liberty of the declarant at the time . . . made. . . ." *Id.* at 728, 249 S.E. 2d at 441.

Rule 804(b)(3) of the North Carolina Rules of Evidence "contains no such specifics as were laid down in *State v. Haywood,* . . . but it seems probable that most, if not all of them will carry over under the Rule." 1 H. Brandis, *Brandis on North Carolina Evidence,* § 147 n. 79.4 (2d rev. ed. Supp. 1986).

We hold that Rule 804(b)(3) requires that in order for a statement to be admissible, it must actually subject the declarant to criminal liability.

The fact that Lutz may have taken nude photographs of the victim does not subject him to criminal liability. G.S. 14-202.1 does not apply to Lutz since he is not five years older than the victim. Therefore, we hold that Lutz's statement to Captain Whisnant was properly excluded by the trial court.

Defendant makes an additional argument that the exclusion of Lutz's statement to Captain Whisnant denied him his constitutional right of confrontation. A defendant has a constitutional right in a criminal prosecution to confront his accusers with other testimony. *State v. Hill,* 9 N.C. App. 279, 176 S.E. 2d 41 (1970), *rev'd on other grounds,* 277 N.C. 547, 178 S.E. 2d 462 (1971).

Defendant concedes that some confrontational testimony was provided by Roy Lee Marcus. However, defendant argues that he was prevented from providing additional confrontational evidence. This contention is untenable. Defendant was free to present any relevant evidence so long as it was properly admissible under the North Carolina Rules of Evidence.

The Commentary to Rule 802 of the North Carolina Rules of Evidence states that "hearsay is simply inadmissible unless an exception is applicable." In this case, no exception allowed the admission of Lutz's statement to Captain Whisnant. Thus, we are not persuaded by defendant's argument that he was denied his constitutional right of confrontation.

Defendant further contends that G.S. 14-177, the crime against nature statute, is unconstitutional. The appellate courts of this state have held repeatedly that G.S. 14-177 is not unconstitutional. *State v. Adams*, 299 N.C. 699, 264 S.E. 2d 46 (1980); *State v. Poe*, 40 N.C. App. 385, 252 S.E. 2d 843, *disc. rev. denied*, 298 N.C. 303, 259 S.E. 2d 304 (1979), *appeal dismissed*, 445 U.S. 947 (1980).

We have reviewed defendant's remaining assignment of error and find it to be without merit. Accordingly, we find

No error.

Judges MARTIN and GREENE concur.