STATE OF NORTH CAROLINA v. BRIAN KEITH BLACKMON, Defendant

No. COA97-326

(Filed 15 September 1998)

### 1. Indictment and Information— specificity—time of offense—sexual abuse of child

Indictments charging defendant with first-degree sexual offense and taking indecent liberties "between January 1 and September 12, 1994" were sufficiently specific to charge defendant with those offenses and the trial court properly denied defendant's motion to dismiss. Unless the date given in an indictment is an essential element of the crime charged, the general rule in North Carolina, especially in child sex offense cases, is that an indictment is sufficient to charge a defendant with the specific statutory offense if it quotes the operative language of the statute.

**STATE v. BLACKMON**

[130 N.C. App. 692 (1998)]

## 2. Indecent Liberties; Sexual Offenses— constitutionality— specificity

Statutes under which indictments were brought for first-degree sexual offense of a minor and taking indecent liberties, N.C.G.S. §§ 14-202.1 and 14-27.4(a)(1), were sufficiently specific under both the state and federal constitutions. A statute is sufficiently specific if it gives a person of ordinary intelligence a reasonable opportunity to know what is prohibited.

## 3. Indictment and Information— bill of particulars—denial not prejudicial

The trial court did not err by denying defendant's motion for a bill of particulars in a prosecution for first-degree sexual offense against a minor and taking indecent liberties where the State responded to the motion by opening its files, the court ordered the State to reduce to writing an explanation of the charges, and the State filed an additional response to the motion setting forth the acts which formed the basis for the charges. Defendant was fully apprised of the specific occurrences so as not to have been surprised at trial and, assuming surprise in that he did not have timely access to certain requested information, he did not show on appeal that denial of the bill of particulars impaired or prejudiced his defense.

Appeal by defendant from judgment entered 6 December 1996 by Judge F. Fetzer Mills in Forsyth County Superior Court. Heard in the Court of Appeals 6 January 1998.

*Attorney General Michael F. Easley, by Belinda A. Smith, Assistant Attorney General, for the State.*

*William B. Gibson, attorney for defendant.*

WYNN, Judge.

Unless the date given in a bill indictment is an essential element of the crime charged, the general rule in North Carolina, particularly in child sex abuse cases, is that an indictment is sufficient to charge a defendant with the specific statutory offense if it quotes the operative language of the statute. Moreover, in North Carolina, the statute under which a defendant is charged is considered sufficiently specific under both our federal and state constitutions if it gives a "person of ordinary intelligence a reasonable opportunity to know what

is prohibited . . . ." *State v. Elam*, 302 N.C. 157, 162, 273 S.E.2d 661, 665 (1981). Because we find that: 1) the eight indictment in this case charging defendant with first-degree sexual offense of a minor and taking indecent liberties with a minor are sufficiently specific under North Carolina law to charge defendant with those statutory offenses; and 2) the statutes under which those indictment were brought, i.e. N.C. Gen. Stat. § 14-202.1 and N.C. Gen. Stat. § 14-27.4(a)(1), are sufficiently specific under both our federal and stated constitutions, we conclude that the trial court properly denied defendant's Motion to Dismiss the eight indictments brought by the State. We further conclude that the trial court committed no error in denying defendant's Motion for a Bill of Particulars because he had adequate notice as to the evidence that was presented at trial.

## Facts

At the time of the alleged criminal acts, the defendant lived with his wife and his young son along with his two stepdaughters in a mobile home.

On 6 September 1994, an incident occurred in which defendant became angry at one of his step-daughters because he felt she was not performing her homework properly. In his anger, defendant hit the child with a magazine, grabbed her by the hair, and then threw her across the floor and outside onto the porch. The next day the child went to school where her teacher, after noticing evidence of physical abuse, notified the Child Protective Services Division of the Forsyth County Department of Social Services (DSS). Shortly thereafter, DSS removed the three children from the home and brought a child abuse and neglect action in Juvenile Court.

About a month later, one of defendant's stepdaughters relayed to her foster parent that her step-father had touched her private parts with his tongue and that he had anal intercourse with her. The foster parent reported the child's statements to DSS which in turn initiated a joint investigation by Mary Raynor of the DSS and Detective Jack Reich of the Forsyth County Sheriff's Department.

In an interview with Ms. Raynor and Detective Reich, defendant's step-daughter stated that the sexual incidents occurred while her brother and sister were eating breakfast and her mother and grandmother were at work. She further stated that defendant threatened to hurt her if she said anything to anyone and did not cooperate.

STATE v. BLACKMON

[130 N.C. App. 692 (1998)]

Shortly thereafter, defendant's step-daughter began counseling with Ann Fishel, a clinical social worker with DSS. During one of their counseling sessions in November of 1995, the child told Ms. Fishel that her stepfather had sex with her on three other occasions, not just the one incident she reported to her foster mother some 12 months earlier. According to the child's description, defendant forced her, during these three sexual encounters, to engage in acts of both cunnilingus and fellatio as well as anal intercourse. The child also stated that she recalled it being cold outside on the day of one of the sexual encounters and that it was warm outside on another.

As a result of the information elicited from Ms. Fishel's sessions with defendant's stepdaughter, the Forsyth County District attorney brought two formal indictments charging defendant with one count of first-degree statutory sexual offense of a female child under 13, and with one count of taking indecent liberties with a child. The date of the offenses were listed as occurring between August 12 and September 12, 1994. Shortly thereafter, however, superseding indictments were issued by a grand jury, charging defendant with the same offenses but broadening the date of the offenses to "January 1, 1994 through September 12, 1994." On that same day, the State also brought six new indictments against defendant, three charging him with first degree statutory sexual offense and three charging him with taking indecent liberties with a child. Like the superseding indictments, the date of the offenses in the six new indictments was described as being between "January 1, 1994 through September 12, 1994."

In response to the two superseding and six new indictments brought against him, defendant filed a Motion for a Bill of Particulars. Although defendant's motion was subsequently denied by the Honorable Judge William Z. Wood, Jr. on 7 November 1996, Judge Wood did order the State "to provide Defendant with a written description of the alleged sexual acts and indecent liberties as described in open court and as provided through the State's open file policy." Following the court's order, the State filed and served an "Additional Response" to defendant's motion.

Ultimately, defendant was tried and convicted on all eight counts in the Superior Court of Forsyth County during its 2 December 1996 criminal session, the Honorable F. Fetzer Mills presiding. Thereafter, Judge Mills sentenced defendant to concurrent life imprisonment terms for each conviction. Defendant brings this appeal.

## DISCUSSION

By way of four interrelated assignments of error, all regarding the trial court's denial of his motion to dismiss the eight indictments brought against him, defendant contends that he is entitled to a new trial because "he was not timely informed with sufficient specificity of the charges against which he had to defend himself." We address each of defendant's assignments of error in turn.

### Assignment of Error No. 1.

[1] Defendant first argues that the trial court erred in denying his motion to dismiss the indictments against him because the indictments failed to charge offenses with the specificity mandated by N.C. Gen. Stat. § 15A-924(a)(4) and (5). We disagree.

N.C.G.S. § 15A-924(a)(4) provides that a criminal pleading must contain:

A statement or cross reference in each count indicating that the offense charged was committed on, or on or about, a designated date, or during a designated period of time. Error as to a date or its omission is not ground for dismissal of the charges or for reversal of a conviction if time was not of the essence with respect to the charge and the error or omission did not mislead the defendant to his prejudice.

Our courts have consistently held that the requirement of temporal specificity set forth under this statute diminishes in cases involving sexual assaults on children. *See State v. Wood*, 311 N.C. 739, 319 S.E.2d 247 (1984); and *State v. Hensley*, 120 N.C. App. 313, 462 S.E.2d 550 (1995). For example in *Wood*, our Supreme Court made the following poignant observation:

We have stated repeatedly that in the interest of justice and recognizing that young children cannot be expected to be exact regarding times and dates, a child's uncertainty as to time or date upon which the offense charged was committed goes to the weight rather than the admissibility of the evidence. Nonsuit may not be allowed on the ground that the State's evidence fails to fix any definite time for the offense where there is sufficient evidence that defendant committed each essential act of the offense.

*Wood*, 311 N.C. at 742, 319 S.E.2d at 249.

In addition to our Supreme Court's observation in *Woods*, this Court has observed more generally that "the date given in the bill of

**STATE v. BLACKMON**

[130 N.C. App. 692 (1998)]

indictment is not an essential element of the crime charged and [that therefore] the fact that the crime was committed on some other date is not fatal." *State v. Norris*, 101 N.C. App. 144, 151, 398 S.E.2d 652, 656 (1990), *disc. review denied*, 328 N.C. 335, 402 S.E.2d 843 (1991). In that same vein, we have also stated that a "variance between allegation and proof as to time is not material where no statute of limitations is involved." *State v. Riggs*, 100 N.C. App. 149, 152, 394 S.E.2d 670, 672 (1990), *disc. review denied*, 328 N.C. 96, 402 S.E.2d 425 (1991) (*quoting State v. Trippe*, 222 N.C. 600, 601, 24 S.E.2d 340, 341 (1943)).

In the present case, the only reference made to time or dates in the eight indictments brought against defendant is the allegation in each that defendant committed the subject offenses between January 1 and September 12, 1994. In this regard, defendant argues that the indictments lack the specificity required under N.C.G.S. § 15A-924(a)(4), thereby denying him the opportunity to raise an alibi defense and possibly exposing him to double jeopardy. We disagree. Indeed, in a case such as this, in which the minor child testified at trial that the sexual acts and indecent liberties committed by defendant occurred when she was seven years old and that some of those acts happened when it was cold outside and some when it was warm outside, any variance between the indictments brought against defendant and the proof presented at trial is not fatal to the propriety of the indictments brought by the State. Accordingly, we hold that the indictments against defendant are sufficiently specific under N.C.G.S. § 15A-924(a)(4).

Likewise, we also hold that the indictments brought against defendant are sufficiently specific as required by N.C.G.S. § 15A-924(a)(5), which provides that a criminal pleading must contain:

A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to appraise the defendant or defendants of the conduct which is the subject of the accusation.

Here, four of the eight indictments brought against defendant charged defendant with four counts of first-degree sexual offense in violation of N.C.G.S. 14-27.4(a)(1), which reads:

(a) A person is guilty of sexual offense in the first degree if the person engages in a sexual act:

(1) With a victim who is a child under the age of 13 years and the defendant is at least 12 years old and is at lest four years older than the victim . . .

In the four other indictments brought by the State, defendant was charged with four counts of taking indecent liberties with a child in violation of N.C.G.S. 14-202.1, which reads:

(a) A person is guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he either:

(1) Willfully takes or attempts to takes any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire; or

(2) Willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years.

(3) Taking indecent liberties with children is a felony punishable by a fine, imprisonment for not more than 10 years, or both.

Each of the four counts in the four indictments charging defendant in this case with first-degree sexual offense alleged that the defendant

unlawfully, willfully and feloniously did engage in a sex offense with [victim], a child under the age of 13 years and the defendant is at least 12 years old and is at least four years older than the child.

As to the four counts in the four indictments charging defendant with taking indecent liberties with a child, they alleged that defendant

unlawfully, willfully and feloniously did take and attempt to take immoral, improper, and indecent liberties with the child named below for the purpose of arousing and gratifying sexual desire and did commit and attempt to commit a lewd and lascivious act upon the body of the child named below. At the time of this offense, the child named below was under the age of 16 years and the defendant named above was over 16 years of age and at least five years older than the child.

STATE v. BLACKMON

[130 N.C. App. 692 (1998)]

In general, an indictment couched in the language of the statute is sufficient to charge the statutory offense. *State v. Singleton*, 85 N.C. App. 123, 126, 354 S.E.2d 259, 262 (1987) (citing *State v. Palmer*, 293 N.C. 633, 239 S.E.2d 406 (1977). It is also generally true that an indictment need only allege the ultimate facts constituting the elements of the criminal offense and that evidentiary matters need not be alleged. *Id.*; *see also State v. Beach*, 283 N.C. 261, 271, 196 S.E.2d 214, 221 (1973), *overruled in part on other grounds by State v. Adcock*, 310 N.C. 1, 310 S.E.2d 587 (1984); *State v. Greer*, 238 N.C. 325, 328-29, 77 S.E.2d 917, 920 (1953).

Regarding an indictment drafted under N.C.G.S. § 14-27.4, our Supreme Court has held that such an indictment is sufficient to charge the crime of first-degree sexual offense and to inform the defendant of such an accusation without specifying which "sexual act" was committed. *State v. Edwards*, 305 N.C. 378, 380, 289 S.E.2d 360, 362 (1982). Similarly, in *State v. Singleton*, 85 N.C. App. 123, 354 S.E.2d 259 (1987), this Court held that an indictment charging a defendant under N.C.G.S. § 14-202.1 was sufficiently specific without indicating exactly which of defendant's acts constituted the "immoral, improper and indecent liberty." 85 N.C. App. at 126, 354 S.E.2d at 262.

Applying the foregoing principles to the eight indictments brought against defendant, we conclude that both the indictments charging defendant with first-degree sexual offense and those charging him with taking indecent liberties with a child sufficiently informed the defendant of the conduct for which he was being charged. Despite the lack of specificity as to the actual "sex offense" committed by defendant, each of the four counts in the four indictments charging defendant with first-degree sexual offense contain language sufficient in law to appraise defendant of the fact that he was being charged with first-degree sexual offense. Likewise, because each of the four counts in the four indictments charging defendant with taking indecent liberties quotes the operative language of N.C.G.S. § 14-202.1, we conclude that they too are sufficiently specific in language to charge defendant with the crime of taking indecent liberties. Accordingly, this assignment of error is overruled.

*Assignments of Error Nos. 2 and 3*

[2] By way of his second and third assignments of error, defendant contends that the indictments brought against him should have been

dismissed because the statutes defining the offenses for which he was charged, i.e. N.C.G.S. § 14-27.4 and § 14-202.1, are unconstitutionally void for vagueness. According to defendant, the vagueness of these two statutes caused irreparable prejudice to the preparation of his case in violation of N.C.G.S. § 15A-954(a)(1) and (4) and his constitutional right to due process of law and equal protection of the law under the U.S. Constitution and Article I, Section 19 and 23 of the North Carolina Constitution. Again, we disagree.

As our Supreme Court held in *State v. Elam*, 302 N.C. 157, 273 S.E.2d 661 (1981), the issue of whether N.C.G.S. § 14-202.1 is void for vagueness and thereby unconstitutional was correctly decided by this Court in *State v. Vehaun*, 34 N.C. App. 700, 239 S.E.2d 705 (1977), *cert. denied*, 294 N.C. 445, 241 S.E.2d 846 (1978). In *Elam*, the court reiterated that the test for determining whether a statute is vague, as set forth by us in *Vehaun*, is whether the statute gives a "person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly." *Elam*, 302 N.C. at 161, 273 S.E.2d at 664 (citing *Grayned v. City of Rockford*, 408 U.S. 104, 108, 92 S.Ct. 2294, 2298-99, 33 L. Ed.2d 222, 227 (1972)). The court in *Elam* held, as we did in *Vehaun*, that "the language of G.S. 14-202.1 provides a defendant with sufficient notice of what is criminal conduct," and that "the statute clearly prohibits sexual conduct with a minor child and describes with reasonable specificity the proscribed conduct." *Id.*

Because the holding in *Elam* controls, we conclude that N.C.G.S. § 14-202.1 sufficiently appraises a defendant of the sexual conduct our legislature considers "immoral, improper, and indecent liberties." Likewise, we further conclude that N.C.G.S. § 14-27.4 also passes constitutional muster under the vagueness test initially delineated in *Vehaun*. Surely, any person of ordinary understanding upon reading N.C.G.S. § 14-27.4 would know that the statute would be violated if a thirty-year old man engaged in sexual acts with a seven year old child. Accordingly, we hold that both N.C.G.S. § 14-202.1 and § 14-27.4 are constitutional under both our state and federal constitutions and that they do not serve to deprive defendant of his right to prepare his case or his right to due process and equal protection under the law.

### Assignment of Error No. 4

[3] Finally, defendant contends that this Court should reverse the trial court's denial of his motion to dismiss the indictments be-

cause the trial court erred in denying his pre-trial Motion for a Bill of Particulars. According to defendant, the trial court's denial served to deprive him of his right to adequately prepare his defense under the due process and equal protection clauses of our federal and state constitutions. We disagree.

In *State v. Hines*, 122 N.C. App. 545, 471 S.E.2d 109(1996), we held that "[a]n appellate court should reverse the denial of a motion for a bill of particulars only if it clearly appears that the 'lack of timely access to the requested information significantly impaired defendant's preparation and conduct of his case.'" 122 N.C. App. 545, 550, 471 S.E.2d 109, 113 (1996) (quoting *State v. Easterling*, 300 N.C. 594, 601, 268 S.E.2d 800, 805 (1980)).

Upon the defendant's Motion for a Bill of Particulars in this case, the State responded by opening its files to defendant's attorney. At the hearing on the motion, the trial court ordered the State to reduce to writing an explanation of the charges brought by it. Thereafter, the State filed an additional response to defendant's motion wherein it set forth the acts which formed the basis for the charges against defendant. Under these circumstances, we believe defendant was fully apprised of the specific occurrences to be investigated by the State so as not to have been "surprised" by the evidence introduced by the State at trial. Furthermore, even assuming *arguendo* that defendant was "surprised" by the evidence presented at trial in the sense that he did not have timely access to certain requested information, defendant has not shown this Court that the trial court's denial of their Motion for a Bill of Particulars in any way impaired or prejudiced his defense. This assignment of error is therefore, overruled.

### Conclusion

For the reasons discussed herein, we find no error in the trial court's denial of defendant's motion to dismiss the eight indictments brought against him. We therefore hold that the defendant received a fair trial, free from prejudicial error.

No error.

Chief Judges EAGLE and Judge WALKER.