STATE OF NORTH CAROLINA v. DAVID FULTZ

No. 8818SC123

(Filed 15 November 1988)

**1. Rape and Allied Offenses § 19— taking indecent liberties—indictment—sufficient**

    The indictments in a prosecution for taking indecent liberties with a child were sufficient where there was nearly identical language to the indictments in *State v. Singleton*, 85 N.C. App. 123.

**2. Criminal Law § 92.4— taking indecent liberties—five counts—joinder proper**

    The trial court did not err by joining five charges of taking indecent liberties with children for trial where each of the offenses occurred in a Boy Scout environment; defendant was each victim's scoutmaster during the entire period; three of the offenses occurred at a single campsite; and the remaining offenses occurred at the troop's meeting place. N.C.G.S. § 15A-926(a).

**3. Criminal Law § 86— taking indecent liberties with children—evidence of defendant's bad temper and use of profanity—admission not prejudicial**

There was no prejudicial error in a prosecution for taking indecent liberties with children from the admission of evidence of defendant's use of profanity and bad temper in light of the more than eighteen character witnesses defendant called on his behalf who testified as to defendant's excellent reputation for truthfulness and moral character. N.C.G.S. § 15A-1443(a).

**4. Criminal Law § 85— indecent liberties with children—evidence of general character excluded—no error**

The trial court did not err in a prosecution for taking indecent liberties with children by excluding evidence of defendant's general character and reputation. N.C.G.S. § 8C-1, Rule 404(a).

**5. Criminal Law § 34.8— indecent liberties—other offenses—admissible**

The trial court did not err in a prosecution for taking indecent liberties with children by allowing the State to introduce into evidence acts of unprosecuted misconduct by defendant which occurred more than ten years earlier, despite the lack of a determination under N.C.G.S. § 8C-1, Rule 403, that the evidence was more probative than prejudicial, because defendant opened the door. N.C.G.S. § 8C-1, Rule 404.

APPEAL by defendant from *DeRamus, Judge.* Judgments entered 4 September 1987 in Superior Court, GUILFORD County. Heard in the Court of Appeals 27 September 1988.

In five separate indictments the Guilford County grand jury charged defendant, David Fultz, with taking indecent liberties with children, a violation of G.S. 14-202.1. The defendant was a Boy Scout troop leader and each of the three victims were members of defendant's troop at the time of the alleged misconduct. The indictments concerned events spanning an eleven month period.

Defendant moved to dismiss the indictments before trial stating that they did not sufficiently apprise him of the nature of the offenses charged. The trial court denied the motion. Upon the State's motion, and over defendant's objection, the trial court joined the offenses for a single trial. A jury found defendant guilty of each of the five charges. In 86CRS66646 and 86CRS66647 the trial court sentenced defendant to two consecutive five year prison terms. For the remaining offenses the trial court sentenced defendant to five years, suspended for five years, with supervised probation for five years to begin at the expiration of the active prison terms. From the judgment entered, defendant appeals.

*Attorney General Thornburg, by Assistant Attorney General Philip A. Telfer, for the State.*

*Tharrington, Smith & Hargrove, by Roger W. Smith, Wade M. Smith and Melissa H. Hill, for defendant-appellant.*

EAGLES, Judge.

Defendant brings forward five issues on appeal. He argues that these convictions should be reversed because the indictments were insufficient to inform him of the nature of the charges against him. Alternatively, he contends that this court should grant him a new trial because the trial court erred in joining all of the offenses for trial, admitted certain incompetent evidence, and excluded competent evidence offered by the defense. After a careful review of the record, we hold that defendant received a fair trial free from prejudicial error.

[1] Defendant contends that the trial court erred in refusing to dismiss the case because the indictments were insufficient to notify him of the acts constituting the charged offenses so that he could properly prepare his defense. In making his argument, defendant concedes that this court in *State v. Singleton*, 85 N.C. App. 123, 354 S.E. 2d 259, *disc. rev. denied and appeal dismissed*, 320 N.C. 516, 358 S.E. 2d 530 (1987), approved "language nearly identical" to these indictments. Our holding in *Singleton* controls here. If defendant needed additional or more specific information to adequately prepare or conduct his defense, he could have moved for a bill of particulars pursuant to G.S. 15A-925. *State v. Effler*, 309 N.C. 742, 309 S.E. 2d 203 (1983). We overrule this assignment of error.

[2] Defendant further argues that the trial court erred in joining the five offenses charged for a single trial. Joinder decisions are in the sound discretion of the trial court. We find no abuse of discretion here.

G.S. 15A-926 allows joinder of two or more offenses when they "are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." G.S. 15A-926(a). Our courts have interpreted this statute as not allowing joinder of offenses solely because the offenses charged were the same type of acts unless

there is also a "transactional connection." *State v. Greene*, 294 N.C. 418, 421, 241 S.E. 2d 662, 664 (1978). While a motion for joinder of offenses is addressed to the trial court's discretion, *State v. Williams*, 74 N.C. App. 695, 329 S.E. 2d 705 (1985), the test we apply on review is "whether the offenses are so separate in time and place and so distinct in circumstances as to render consolidation unjust and prejudicial to the defendant." *State v. Corbett*, 309 N.C. 382, 389, 307 S.E. 2d 139, 144 (1983).

Here each of the offenses charged occurred in a Boy Scout environment. Defendant was each victim's scoutmaster during the entire period. Three of the offenses occurred at a single campsite and the remaining offenses occurred at the troop's meeting place. We find that these circumstances are not so distinct as to render consolidation unjust. Furthermore, the evidence demonstrates a scheme or plan in which the defendant used his position as troop leader to commit these acts. We overrule this assignment of error.

[3] Defendant assigns as error the State's introduction of evidence showing that defendant had a bad temper and used profanity. We agree that evidence of profanity and temper are irrelevant to the charges tried, but defendant has failed to demonstrate how he was prejudiced by their introduction. G.S. 15A-1443(a); *State v. Alston*, 307 N.C. 321, 298 S.E. 2d 631 (1983). Defendant argues that this evidence prejudiced him in the jury's assessment of his credibility. In light of the more than eighteen character witnesses defendant called on his behalf who each testified as to defendant's excellent reputation for truthfulness and moral character, we find the error here to be harmless.

[4] Defendant argues that the trial court erred in not allowing evidence of defendant's general character and reputation. The trial court limited the character evidence introduced by defendant to evidence directed to pertinent character traits. The State argues that Rule 404(a) of the North Carolina Rules of Evidence requires that character evidence is admissible only when it addresses pertinent character traits. Our Supreme Court in *State v. Squire*, 321 N.C. 541, 546, 364 S.E. 2d 354, 357 (1988), held that "an accused may no longer offer evidence of undifferentiated 'good character' . . .; he must tailor the evidence to a particular trait that is relevant to an issue in the case." The trial court's ruling was proper and the assignment of error is overruled.

[5]  Finally, defendant contends that the trial court erred in allowing the State, during rebuttal, to introduce into evidence acts of unprosecuted misconduct by defendant which occurred more than ten years earlier. The State argues that the evidence was proper rebuttal testimony and was admissible pursuant to Rule 404(b) of the North Carolina Rules of Evidence. We hold that because defendant opened the door, the State's rebuttal evidence was properly admitted here.

The State elicited the complained of testimony from Joseph Johnson, a rebuttal witness. He told of three specific sexually related incidents which occurred between defendant and him in 1976 while he was a member of the same scout troop. During this time defendant was the assistant troop leader. Johnson testified that on two occasions when he was alone with the defendant, defendant told him to masturbate as his initiation into the troop. The first incident occurred while the troop was on a camping trip. The second incident occurred in Chapel Hill where defendant took Johnson to a football game. After the game defendant and Johnson went up into the bell tower and defendant told him to masturbate again. During this second incident, defendant also tickled Johnson's genitals. Johnson testified that the third incident was when defendant bought him a Playboy magazine. Johnson was in the troop from 1975 until 1977.

Rule 404(b) provides that. while evidence of other wrongs or acts committed by defendant is not admissible to prove defendant's character, this evidence is admissible to prove motive, opportunity, or plan. G.S. 8C-1, Rule 404(b); *State v. Boyd*, 321 N.C. 574, 364 S.E. 2d 118 (1988). To be admitted the evidence must not be too remote in time from the incidents for which the defendant is being tried. *State v. Scott*, 318 N.C. 237, 347 S.E. 2d 414 (1986). In sex offense cases our courts have liberally allowed evidence of similar sex offenses committed by the defendant, *State v. Gordon*, 316 N.C. 497, 342 S.E. 2d 509 (1986), including evidence of sexual assaults by the defendant against persons other than the victims. *Id.*

Once the trial court establishes that it will admit the evidence pursuant to Rule 404(b), the court must then determine whether the evidence is more probative than prejudicial under Rule 403. *State v. DeLeonardo*, 315 N.C. 762, 340 S.E. 2d 350

(1986). This record does not reveal that the trial court made any Rule 403 determination. The State argues that, in any event, the evidence was admissible here because the defendant opened the door. We agree.

Our courts will allow the State to introduce evidence, even when it is not otherwise admissible, if it is "offered to explain or rebut evidence elicited by the defendant himself." *State v. Albert*, 303 N.C. 173, 177, 277 S.E. 2d 439, 441 (1981); *see also State v. Teeter*, 85 N.C. App. 624, 355 S.E. 2d 804, *disc. rev. denied and appeal dismissed*, 320 N.C. 175, 358 S.E. 2d 66 (1987). On direct examination the defendant testified to the following:

Q. Have you ever fondled a boy's private parts or touched him in any improper way?

A. No, sir, I have not.

\* \* \*

Q. Did you ever touch [the victims] in any improper way or fondle them?

A. I never touched any boy in my troop in an improper way.

Defendant explicitly testified that he had never touched or fondled a member of his scout troop. Johnson's testimony, then, was proper rebuttal testimony. Furthermore, defendant had previously called Jeffrey Edward Berthold as a witness and questioned him concerning events while Berthold was a member of the troop from 1977 until 1981. Accordingly, we hold that defendant opened the door to testimony about this remote time period. Defendant having opened the door, we find no prejudicial error in admitting the complained of evidence.

Our review of the record convinces us that defendant has received a fair trial free from prejudicial error.

No error.

Judges PHILLIPS and PARKER concur.