GEER, Judge.
Defendant Franklin Allen Gurganious appeals from his conviction on three counts of committing indecent liberties. He primarily argues on appeal (1) that his trial attorney provided ineffective assistance of counsel in not moving to sever the charges and (2) that testimony of the State's rebuttal witnesses that defendant had inappropriately touched them should have been excluded. After reviewing the record, we can find that the trial court was not required to sever the charges and, therefore, hold that trial counsel did not provide ineffective assistance of counsel in failing to move to sever. With respect to the rebuttal witnesses, their testimony was properly admitted under Rule 404(a) of the North Carolina Rules of Evidence in order to rebut thetestimony of defense witnesses. Finding no error on these primary issues and no merit in defendant's remaining assignments of error, we hold that defendant received a trial free from prejudicial error.
Facts
This appeal arises from a second trial of the charges against defendant. Both the State and defendant offered evidence. The State's evidence tended to show the following. Defendant is married to the biological grandmother of A.A. and D.A. A.A. was born on 8 February 1987 and was 16 at the time of trial. D.A. was born on 14 January 1986 and was 17 at the time of trial. Upon moving to Pender County in 1998, the girls and their mother temporarily lived with the grandmother and defendant. They considered defendant to be their grandfather and called him "grandpa."
Both girls testified that defendant began touching them in a manner that made them uncomfortable. Specifically, when hugging them, defendant would touch the girls' breasts and buttocks, sometimes using his thumb to rub the sides of their breasts. The girls mentioned the touching to their mother, who in turn discussed it with the grandmother and defendant. Subsequently, the grandmother told the girls' mother that they needed to move out because they were causing tension in her house.
After the girls and their mother moved, the girls continued to visit their grandmother and at times spent the night. Three incidents occurred while the girls were staying with theirgrandmother and defendant that gave rise to the charges filed against defendant.
During Thanksgiving weekend in 1999, when A.A. was about twelve and a half years old, defendant took her deer hunting. As they were sitting in a deer stand on defendant's property, defendant grabbed A.A.'s thigh and slowly slid his hand up to within a couple inches of her crotch area. She jerked away so defendant's hand fell off. A.A. testified that she felt "[u]ncomfortable, disgusted, violated."
In early July 2001, D.A., who was age 15, was sleeping on her back on the couch in her grandmother's house. Early in the morning, while D.A. was still asleep, defendant came in, lay on top of her, sucked her ear, and kissed her neck. Defendant stayed on top of her for about ten minutes. She started acting as if she were waking up so that defendant would leave.
Subsequently, in late July 2001, A.A. spent the night at her grandparents' house on two consecutive nights. The first night, A.A. was sleeping on her stomach in the guestroom, but awoke around midnight when she felt someone on top of her. Defendant had his hand under her shirt and was rubbing her stomach. A.A. could feel his erection as he lay on her. After A.A. told defendant that she was feeling sick, defendant said that he loved her and kissed her on the lips. A.A. tried to mention the incident to her grandmother, but her grandmother told A.A. to leave the house if she was going to say something. On the next night, defendantrepeated his conduct, but A.A. pretended she was asleep, and defendant ultimately left.
A.A. was withdrawn when she arrived home and, a couple of days later, she told her mother what had happened. A.A. expressed concern that she would get her grandfather in trouble, that her grandmother would be mad at her, and that she would lose her family. Her mother then sat down with D.A. as well and learned what had happened to her. The girls' mother decided to report the incidents and the Gurganious family subsequently cut off contact with the girls and their mother.
Defendant called his wife as a witness, who denied ever hearing complaints about defendant's behavior with A.A. and D.A. and testified that defendant treated them appropriately. He also called a series of other witnesses to challenge A.A.'s, D.A.'s, and their mother's credibility. Finally, he called three female witnesses to testify that he had always hugged and kissed them in a manner they deemed appropriate. As rebuttal witnesses, the State called two women who had had contact with defendant in their adolescent years. Both women testified that defendant had touched them inappropriately during that time.
Defendant was charged with two counts of indecent liberties as to A.A. and one count of indecent liberties as to D.A. The record does not reflect what transpired in the first trial on these charges. The jury in the second trial found defendant guilty on all three charges. The trial judge consolidated the two counts involving A.A. and imposed a sentence of 17 to 21 monthsimprisonment. The judge imposed a second, consecutive sentence of 17 to 21 months for the offense involving D.A.
I
Defendant first argues that the trial court erred in allowing joinder of the three counts for trial. Because defendant's trial counsel did not move for severance or otherwise object to joinder, defendant seeks review under the plain error standard. Plain error review "is limited to errors in a trial court's jury instructions or a trial court's rulings on admissibility of evidence." State v. Golphin, 352 N.C. 364, 460, 533 S.E.2d 168, 230 (2000), cert. denied, 523 U.S. 931, 149 L. Ed. 2d 305, 121 S. Ct. 1379 (2001). Our Supreme Court has expressly held that it does not apply to the issue whether joinder of charges was appropriate. Id. We therefore do not address this assignment of error.
Alternatively, defendant argues that he was denied effective assistance of counsel when his trial counsel failed to move for severance. In order to prevail on an ineffective assistance of counsel claim,
"[f]irst, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."
State v. Braswell, 312 N.C. 553, 562, 324 S.E.2d 241, 248 (1985) (emphasis omitted) (quoting Strickland v. Washington, 466 U.S. 668,687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984)). If a reviewing court "can determine at the outset that there is no reasonable probability that in the absence of counsel's alleged errors the result of the proceeding would have been different, then the court need not determine whether counsel's performance was actually deficient." Id. at 563, 324 S.E.2d at 249.
In arguing that he was prejudiced by the joinder of the charges and, therefore, suffered prejudice from his counsel's alleged ineffectiveness, defendant asserts (1) that he may have wished to testify in some but not all of the cases and (2) that consolidation of the charges could have led the jury to believe that if defendant committed one offense, he likely committed them all. We address each argument separately.
With respect to defendant's ability to testify, defendant does not explain what might have caused him to testify in one trial but not the other. In State v. Davis, 289 N.C. 500, 508, 223 S.E.2d 296, 301, vacated in part on other grounds, 429 U.S. 809, 50 L. Ed. 2d 69, 97 S. Ct. 47 (1976), our Supreme Court held that an identical unexplained assertion was insufficient to establish prejudice from a consolidation of charges:
Defendant argues that he was prejudiced by the consolidation because without the consolidation of charges he would have had the election of testifying in one case without being forced to testify in the other. . . . We are unable to discern any material reason why it would be to defendant's advantage to testify in one case and not the other. Certainly his unsupported statement of possible prejudice is not sufficient to show abuse of discretion on the part of the trialjudge in allowing the motion to consolidate the charges for trial.
Id. In this case, as in Davis, we have been unable to identify any material reason that it would be advantageous to defendant to testify in the trial involving one sister, but not in the trial involving the other sister. In addition, the State has pointed out that defendant has a 1993 felony conviction for indecent liberties and this conviction would likely have been admissible under Rule 609 of the Rules of Evidence (providing that evidence of a felony conviction is admissible if less than 10 years old) if defendant chose to testify in one of the cases. Since defendant has offered no explanation why he might choose to testify given the existence of this conviction or why he might choose to testify in only one case, his bald assertion that he might testify, without more, is insufficient to establish prejudice from the consolidation.
Defendant's second suggestion of prejudice, regarding the impact of consolidation on the jury, is likewise without merit. This suggestion presumes that evidence of one charge would not be admissible at the trial of the other. Under Rule 404(b) of the Rules of Evidence, however, even if the trials were severed, defendant's sexual acts with one sister would be admissible in the trial involving the other sister. See State v. Smith, 152 N.C. App. 514, 527, 568 S.E.2d 289, 297-98 (evidence of sexual activity with a 15-year-old girl was admissible under Rule 404(b) to show an absence of mistake, plan, scheme, or design in connection with charges of indecent liberties and first degree sex offense with respect to a 12-year-old girl), appeal dismissed and disc. reviewdenied, 356 N.C. 623, 575 S.E.2d 757 (2002); State v. Starner, 152 N.C. App. 150, 153, 566 S.E.2d 814, 816 (evidence of defendant's sexual assault against his daughter was admissible in trial arising out of assault on step-daughter to show a common plan or scheme by defendant of abusing young, female family members), cert. denied, 356 N.C. 311, 571 S.E.2d 209 (2002).
In State v. Bowen, 139 N.C. App. 18, 30, 533 S.E.2d 248, 256 (2000), this Court held:
[Defendant's] argument to this Court is based on the idea that "the jury apparently lumped all of the various charges together, to [defendant's] prejudice." However, defendant suggests no alternate outcome where the jury would have heard evidence of the other charges due to its being admitted under 404(b), but where the charges were not joined; neither do we find evidence in the record to show that the jury may have come to a different conclusion had the charges not been consolidated.
The present case is directly analogous.
Because of the likely admissibility of the evidence of each child in the other child's trial, defendant has shown no prejudice from consolidation. Accordingly, defendant has failed to satisfy the prejudice prong under Strickland to establish ineffective assistance of counsel for failure to move to sever the charges.
II
Defendant next argues that the trial judge abused his discretion in denying defendant's motion to sequester all witnesses pursuant to N.C. Gen. Stat. § 8C-1, Rule 615 (2003). As this was the second trial of the charges and the prior testimony ofwitnesses was established by transcript, we find no abuse of discretion in the denial of defendant's motion.
Both Rule 615 of the Rules of Evidence and N.C. Gen. Stat. § 15A-1225 (2003) provide that a trial court may order witnesses sequestered to prevent them from hearing the testimony of other witnesses. "'The aim of sequestration is two-fold: First, it acts as a restraint on witnesses tailoring their testimony to that of earlier witnesses, and second, it aids in detecting testimony that is less than candid.'" State v. Johnson, 128 N.C. App. 361, 370, 496 S.E.2d 805, 811 (1998) (quoting State v. Harrell, 67 N.C. App. 57, 64, 312 S.E.2d 230, 236 (1984)), cert. denied, 350 N.C. 842, 538 S.E.2d 581 (1999). "'A ruling on a motion to sequester witnesses rests within the sound discretion of the trial court, and the court's denial of the motion will not be disturbed in the absence of a showing that the ruling was so arbitrary that it could not have been the result of a reasoned decision.'" State v. Hyde, 352 N.C. 37, 43, 530 S.E.2d 281, 286 (2000) (quoting State v. Call, 349 N.C. 382, 400, 508 S.E.2d 496, 507-08 (1998)), cert. denied, 531 U.S. 1114, 148 L. Ed. 2d 775, 121 S. Ct. 862 (2001).
Here, the trial judge denied defendant's motion to sequester after confirming that defendant had a transcript of the witnesses' testimony in the prior trial and concluding that the testimony of witnesses was therefore "staked out." Because counsel for defendant could use the transcript to impeach the witnesses with any inconsistencies, the trial judge acted within his discretion in denying defendant's motion to sequester. State v. Van Cross, 293N.C. 296, 299, 237 S.E.2d 734, 737 (1977) (the fact that defendant had prior witness statements with which to impeach any inconsistencies in witness testimony meant the trial court did not abuse its discretion in denying a motion to sequester).
III
Defendant contends that the trial court committed plain error under Rule 404(b) by allowing the State's witnesses, Donna Tatum and Teresa Eakins, to testify on rebuttal that defendant had inappropriately touched them. Alternatively, defendant asserts that he was denied effective assistance of counsel by his trial counsel's failure to object to this testimony.
We need not address defendant's Rule 404(b) argument because we hold that the testimony was admissible under N.C. Gen. Stat. § 8C-1, Rule 404(a) (2003). Rule 404(a)(1) provides:
Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except . . . [e]vidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same.
As this Court stated in State v. Fultz, 92 N.C. App. 80, 85, 373 S.E.2d 445, 448 (1988) (quoting State v. Albert, 303 N.C. 173, 177, 277 S.E.2d 439, 441 (1981)), "[o]ur courts will allow the State to introduce evidence, even when it is not otherwise admissible [under Rule 404(b)], if it is 'offered to explain or rebut evidence elicited by the defendant himself.'" In Fultz, involving charges of indecent liberties with members of a scout troop, the defendant had testified that he never touched or fondled anyone in his scouttroop. The Court held that testimony of a scout member about sexually-related incidents during a very remote time period "was proper rebuttal testimony." Id.
Here, defendant chose to present character evidence of his appropriate behavior with three of his nieces. Each of them testified that she had stayed at defendant's home when she was young and that he had never touched her in an inappropriate manner. In response, the State called two women as rebuttal witnesses. The first, age 41 at trial, testified that she had contact with defendant when she was a teenager working in tobacco along with defendant. She testified that defendant touched her breasts and buttocks while hugging her. The second, age 39 at trial, also testified that defendant would touch her breasts and buttocks while hugging her from age 11 into her teenage years.
Defendant opened the door to the prosecution's character evidence by offering evidence of his good character with respect to young women and girls. As in Fultz, the State was then entitled to offer evidence to rebut defendant's character trait evidence under Rule 404(a). See also State v. Roseboro, 351 N.C. 536, 553, 528 S.E.2d 1, 12 (once defendant introduced evidence of his reputation for non-violence, the State was entitled to elicit evidence about defendant's violence in his marriage), cert. denied, 531 U.S. 1019, 148 L. Ed. 2d 498, 121 S. Ct. 582 (2000).
As the rebuttal testimony was properly admitted, we find neither plain error nor ineffective assistance of counsel. See State v. Lee, 348 N.C. 474, 492, 501 S.E.2d 334, 345 (1998) ("Sincewe concluded that this evidence was admissible, the defense attorney's failure to object to it cannot constitute ineffective assistance.").
IV
Finally, defendant argues that the trial court erred in failing to dismiss the charges against defendant for insufficiency of evidence. Because defendant acknowledges that trial counsel failed to renew his motion to dismiss at the close of all the evidence as required by Rule 10(b)(3) of the North Carolina Rules of Appellate Procedure, defendant contends, in the alternative, that his trial counsel's failure constitutes ineffective assistance of counsel.
A trial court properly denies a defendant's motion to dismiss "[i]f there is substantial evidence - whether direct, circumstantial, or both - to support a finding that the offense charged has been committed and that the defendant committed it . . . ." State v. Locklear, 322 N.C. 349, 358, 368 S.E.2d 377, 383 (1988). "Substantial" evidence is such "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." State v. Vick, 341 N.C. 569, 583-84, 461 S.E.2d 655, 663 (1995). The evidence must be viewed in the light most favorable to the State, giving the State the benefit of every reasonable inference to be drawn from it. Locklear, 322 N.C. at 358, 368 S.E.2d at 382.
To obtain a conviction for indecent liberties under N.C. Gen. Stat. § 14-202.1(a) (2003), the State must prove that:
(1) the defendant was at least 16 years of age, (2) he was five years older than hisvictim, (3) he willfully took or attempted to take an indecent liberty with the victim, (4) the victim was under 16 years of age at the time the alleged act or attempted act occurred, and (5) the action by the defendant was for the purpose of arousing or gratifying sexual desire.
State v. Rhodes, 321 N.C. 102, 104-05, 361 S.E.2d 578, 580 (1987). Defendant asserts that the State failed to present sufficient evidence on either the third or fifth of these required elements.
As to the third element, defendant argues that the incidents charged in this case do not rise to the level of indecent liberties. "'Indecent liberties' are defined as 'such liberties as the common sense of society would regard as indecent and improper.'" State v. McClees, 108 N.C. App. 648, 653, 424 S.E.2d 687, 690 (1993) (quoting Black's Law Dictionary 768 (6th ed. 1990)), disc. review denied, 333 N.C. 465, 427 S.E.2d 626 (1993). In the present case, the State presented the victims' testimony that defendant lay on top of A.A. and kissed her while she could feel his erection, he slowly moved his hand up toward A.A.'s crotch area while they were in a deer stand, and he lay on top of D.A. while sucking her ear and kissing her neck. Such acts with children are properly categorized as "immoral, improper, or indecent" and, therefore, indecent liberties. State v. Banks, 322 N.C. 753, 767, 370 S.E.2d 398, 407 (1988) (adult's actions of kissing child victims in bed by putting his tongue in their ears, noses, and mouths constituted "immoral, improper, or indecent" acts under the indecent liberties statute). As to the fifth element, defendant cites State v. Brown, 162 N.C. App. 333, 338, 590 S.E.2d 433, 437 (2004), in which this Court held that "nothing in the record indicates defendant's actions emanated from a desire or purpose to arouse or gratify sexual desire." In Brown, the defendant's offensive conduct consisted of a telephone conversation in which he made inappropriate comments to a 13-year-old girl about how she looked, how defendant felt about her, and how he believed she felt. Id. at 335, 590 S.E.2d at 435. This Court concluded, "the conversations were neither sexually graphic and explicit nor were they accompanied by other actions tending to show defendant's purpose was sexually motivated. Id. at 338, 590 S.E.2d at 436-37. Therefore, this Court held that the State presented insufficient evidence and that the trial court erred in failing to dismiss the charge. Id., 590 S.E.2d at 437.
In this case, the evidence included ample indicia of defendant's purpose to gratify sexual desire. Whether "the action was for the purpose of arousing or gratifying sexual desire, may be inferred from the evidence of the defendant's actions." Rhodes, 321 N.C. at 105, 361 S.E.2d at 580. In the present case, defendant's physical actions and reactions, not the least of which was defendant's erection while lying on A.A., are clear evidence of sexual desire and leave no credible basis on which to argue insufficient evidence as to the fifth element.
Finding sufficient evidence to support the third and fifth elements of the offense, we find no error in the trial court's decision not to dismiss the charges. Accordingly, there can be noprejudice in trial counsel's failure to renew the motion to dismiss and defendant's claim of ineffective assistance of counsel fails.
No error.
Judges LEVINSON and THORNBURG concur.
Report per Rule 30(e).
Judge THORNBURG concurred prior to 31 December 2004.