STATE OF NORTH CAROLINA
v.
TREMAINE LAMAR BAILEY.
No. COA08-3
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Donald R. Teeter, Sr., for the State.
Richard Croutharmel, for defendant-appellant.
MARTIN, Chief Judge.
Tremaine Lamar Bailey ("defendant") appeals from a judgment entered upon his conviction by a jury for injury to personal property. On appeal he submits the following issues for our consideration: (1) whether the trial court erred in allowing the State's motion for joinder of multiple charges; (2) whether the trial court abused its discretion in denying defendant's motion for a jury instruction on the identity of the perpetrator; and (3) whether the trial court erred in its calculation of the amount of restitution to be paid by defendant. We find no error in defendant's trial, but remand for correction of the restitution amount. Defendant was charged with two counts of injury to personal property and one count of injury to real property. He was found guilty of all three charges in district court after a bench trial and appealed to superior court for a trial de novo. The charges were joined for trial over defendant's objection.
The State's evidence at trial tended to show that on 21 March 2006, Doris Wolfe woke up to a loud noise around 1:00 a.m. She looked outside and saw her adult granddaughter Turquoise Wolfe ("Turquoise"), who also lived in her home, arguing with defendant. Defendant and Turquoise had been dating off and on. They were standing next to Mrs. Wolfe's Mitsubishi Lancer automobile in the driveway near the front of the house. Mrs. Wolfe was getting ready to go outside when she heard another loud noise. After Turquoise ran back into the house, Mrs. Wolfe looked outside and checked her front door and windows to see if there was any damage but found none. She then called the police to report a trespass and went back to bed. When she went out to her car to go to work the next morning, she discovered one of her car windows was broken. She contacted the police about the incident.
The second incident occurred on 31 December 2006. Mrs. Wolfe was awakened by her barking dog around 2:00 a.m. She went out to her front porch to see what was happening. On this evening, her Mitsubishi Lancer was parked in the back of the house. After a few minutes, Mrs. Wolfe saw defendant walk from the backyard to the front yard. When she asked him what he was doing, he said he wanted to get a CD from Turquoise. Defendant continued walking through the front yard and down the street. After Mrs. Wolfe went to Turquoise's bedroom, Turquoise grabbed Mrs. Wolfe's car keys and said she was going to "get" defendant. Turquoise pulled the car up to the side of the house, but then stopped because all four tires had been slashed. After Turquoise got out of the car, Mrs. Wolfe noticed that the screen on Turquoise's bedroom window had been ripped. Mrs. Wolfe identified defendant in court as the person she had seen on both occasions. Mrs. Wolfe also testified she paid $75.00 to have the car towed and $136.00 to buy four new tires as a result of the 31 December incident.
Defendant denied that he went to Mrs. Wolfe's house on the night of 21 March. However, defendant testified that he did go to her house the night of 31 December to retrieve his cell phone from Turquoise. He said that he first knocked on the door and then went to Turquoise's bedroom window and knocked on the window. He said he reached his hand through a small tear in the screen to take the phone that Turquoise handed to him. He said he then saw Mrs. Wolfe on the porch and told her he was getting his cell phone. He then crossed the driveway and walked away down the street. Defendant denied ever going to the back of the house where the car was located on 31 December, and denied slashing the tires or otherwise damaging the car.
Turquoise testified that she and defendant had an argument outside Mrs. Wolfe's house on 21 March 2006. She stated that another car was parked near the house with several people in it. She indicated that the car window must have been broken sometime after defendant left that night. Turquoise also testified only that defendant was present at Mrs. Wolfe's house on the night of 31 December.
At the close of all the evidence, the trial court dismissed the injury to real property charge stemming from the 31 December incident. The two injury to personal property charges were submitted to the jury; the jury returned a verdict of not guilty of the offense relating to the 21 March 2006 incident and a verdict of guilty of the offense relating to the 31 December 2006 incident. The trial court sentenced defendant to forty-five days active confinement, but suspended that sentence and placed defendant on twelve months supervised probation. The court also ordered defendant to pay court costs, $ 225.00 in restitution, and a $350.00 fine. From the judgment entered, defendant appeals.
Defendant first contends the trial court erred in allowing the State to join the three charges for trial because the two incidents were not similar enough to show that a transactional connection existed between them. Defendant argues that, by joining the offenses together, the jury was improperly led to associate defendant with damage to Mrs. Wolfe's car. We do not agree with defendant's contention.
Joinder is governed by N.C.G.S. § 15A-926 which provides: "Two or more offenses may be joined . . . for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." N.C. Gen. Stat. § 15A-926(a) (2007). The decision whether to grant or deny a motion for joinder is within the sound discretion of the trial court. See State v. Miller, 61 N.C. App. 1, 4-5, 300 S.E.2d 431, 435 (1983). The determination of whether a group of offenses are transactionally related is a question of law reviewable on appeal. See State v. Williams, 74 N.C. App. 695, 696-97, 329 S.E.2d 705, 707 (1985). The test is "whether the offenses are so separate in time and place and so distinct in circumstances as to render consolidation unjust and prejudicial to the defendant." State v. Fultz, 92 N.C. App. 80, 83, 373 S.E.2d 445, 447 (1988). Absent a showing that the defendant has been deprived of a fair trial, the trial court's ruling will be upheld on appeal. See Miller, 61 N.C. App. at 4-5, 300 S.E.2d at 435. If a serious question of prejudice arises, an appellate court must determine whether the case meets the statutory criteria. See State v. Wilson, 57 N.C. App. 444, 448, 291 S.E.2d 830, 832, disc. review denied, 306 N.C. 563, 294 S.E.2d 375 (1982). Cases should not be consolidated if the defendant is deprived of his ability to present his defense. See id. at 448, 291 S.E.2d at 832-33. Further:
[p]ublic policy strongly favors consolidation because it expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice both time and money to serve upon juries and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once.
State v. Jenkins, 83 N.C. App. 616, 617-18, 351 S.E.2d 299, 301 (1986), cert. denied, 319 N.C. 675, 356 S.E.2d 791 (1987). In the instant case, the State's evidence tended to show that the two incidents, although occurring nine months apart, were similar in that they both involved: (1) defendant as the alleged perpetrator, (2) Mrs. Wolfe as the victim, (3) damage done to the same car, and (4) the incidents occurred as a result of altercations taking place between defendant and Turquoise late at night at Mrs. Wolfe's house. Given these similarities, we find that a sufficient transactional connection existed between the two incidents, and that no showing was made that defendant was deprived of a fair trial. Therefore, we find the trial court did not abuse its discretion in allowing the State's motion for joinder. This assignment of error is overruled.
Defendant also assigns error to the trial court's denial of his request to instruct the jury on the identity of defendant as the perpetrator of the offenses. Defendant points to several instances in Mrs. Wolfe's testimony where she refers to defendant as "Germane" instead of his given name, "Tremaine." Turquoise testified that she dated a man named Germane during the period of time at issue in this trial. Defendant alleges the references to a "Germane" are therefore sufficient to put into question the identity of defendant as the perpetrator of the offenses, and that the trial court erred in denying his request. We disagree.
A trial court's decision whether to give a requested instruction is reviewed for abuse of discretion. See State v. Nicholson, 355 N.C. 1, 66, 558 S.E.2d 109, 152, cert. denied, 537 U.S. 845, 154 L. Ed. 2d 71 (2002). Here, Mrs. Wolfe identified defendant in court as the man who came to her house on 21 March 2006 and on 31 December 2006, notwithstanding her confusion regarding the names at certain points in her testimony. Defendant himself testified that he was at Mrs. Wolfe's house on 21 December; he simply denied slashing her car tires. Turquoise also corroborated that defendant was at Mrs. Wolfe's house on both occasions. Further, the trial court's jury instructions properly stated the State's burden of having to prove that defendant committed the crimes in question beyond a reasonable doubt. Finally, following defendant's denial that he was at Mrs. Wolfe's house on 21 March, the jury found defendant not guilty of the charge associated with that date. Therefore, defendant's argument that Mrs. Wolfe's testimony put his identity as the perpetrator in question and that the trial court should have instructed the jury on identity is without merit. The trial court did not abuse its discretion in declining to give the requested instruction. This assignment of error is overruled.
In defendant's last argument, he contends the trial court abused its discretion by ordering defendant to pay restitution in an amount not supported by the evidence. Defendant further argues the trial court failed to consider defendant's ability to pay the amount ordered. We agree that the amount of restitution ordered by the trial court is not fully supported by the evidence.
A court may order a defendant to pay restitution to a victim of a crime to compensate for damages and losses pursuant to N.C.G.S. §§ 15A-1340.34 and 15A-1340.35. In so doing, the court shall consider the defendant's income, ability to earn, whether he has any obligation to support dependents, and any other matters that pertain to his ability to make restitution. See N.C. Gen. Stat. § 15A-1340.36(a) (2007). The amount "must be limited to that supported by the record." Id. A trial court is not required to make findings of fact or conclusions of law regarding the amount of restitution, but must consider the statutory factors before deciding an amount. See State v. Mucci, 163 N.C. App. 615, 626, 594 S.E.2d 411, 419 (2004).
Here, Mrs. Wolfe testified that she paid $75.00 to tow her car and $136 to replace the four slashed tires from the 21 December incident, totaling $211.00. Defense counsel told the trial court that defendant was not employed, that he was looking for a job, that he had a daughter to support, and that his financial condition was "[v]ery poor." The trial court initially ordered defendant to pay restitution in the amount of $600.00, but reduced the amount to $225.00. We find the trial court properly considered the statutory factors since the court was informed of defendant's financial situation. However, the amount of $225 exceeds the amount supported by the evidence by $14.00. Although this difference is relatively small, the amount in excess is not supported by the record and the trial court abused its discretion in ordering defendant to pay more than $211.00. We therefore remand for a correction of the judgment to reflect the appropriate amount.
No error at trial.
Remanded for correction of judgment. Judges CALABRIA and STROUD concur.
Report per Rule 30(e).